# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| In Re: | : |
| | : |
| **Marc R. Labgold** | : Case No.: 13-13389-BFK |
| | : Chapter 7 |
| | : |
| Debtor. | : |

## AMENDED OBJECTION TO CLAIM FILED BY
## MARK P. HIRAKAWA AND TRACI S. HIRAKAWA

Debtor, Marc R. Labgold ("Debtor") for his objection to the claim filed on behalf of Mark P. Hirakawa and Traci S. Hirakawa ("Hirakawa") pursuant to Bankruptcy Rules of Procedure 3003 and 3007 and Bankruptcy Code Sections 502 and 521, and states as follows:

### BACKGROUND

1.      On July 23, 2013, the Debtor filed with this Court, a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §101 *et. seq.*

2.      On November 25, 2013, a Proof of Claim Form was filed by Hirakawa (Claim 5-1), asserting they are entitled to payment of Twenty Five Thousand Dollars and no cents ($25,000.00).

3.      The alleged basis for the claim is described as "Ownes [sic] Stock in Business" with attachments that include (a) a Notice of Bankruptcy Case Filing in the matter *In re Antara Bioscience, Inc.,* Case No. 10-16923-VK (Bankr. C.D.CA 2010) ("the Antara Bankruptcy Proceeding"), (b) a document entitled "Antara Biosciences Inc*.,* Stockholders' Agreement," and (c) what appears to be two stock certificates for Antara Biosciences, Inc.

1

4. The basis for the alleged debt is false, baseless and time barred.

## JURISDICTION

5. Jurisdiction in this Court is proper under 28 U.S.C. Sections 157 and 1334. This is a core proceeding as defined by Section 157(b) of the United State Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409. Statutory predicates for the relief requested are provided for in Sections 502 and 521 of the United States Bankruptcy Code as supplemented by Bankruptcy Rules 3003 and 3007 and Rule 3007-1 of the Local Rules.

## RELIEF REQUESTED AND BASIS FOR RELIEF

6. The relief requested is the striking and disallowance of the claim filed on behalf of Hirakawa in its entirety. The basis for the relief is as set forth hereinbelow. Under Section 303(c)(4) a proof of claim supersedes any scheduled amount pursuant to Section 521(a)(1) of the Bankruptcy Code unless an objection to such claim is filed, notice to the affected party is provided and a hearing is set for at least 30 days from the date of notice. The Court must then determine if the objection is meritorious.

7. The claim on its face seeks return of investment in an entity named Antara Biosciences, Inc. ("Antara"). As recognized by the Hirakawa filing, any claim is against Antara and should be filed in the Antara Bankruptcy Proceeding – *i.e., In re Antara Bioscience, Inc.,* Case No. 10-16923-VK (Bankr. C.D.CA 2010), not against Debtor. The claim fails to present any factual or legal basis for seeking the claim from Debtor. Moreover, the claim is facially defective as it fails to state any claim against Debtor simply stating its allegedly owns stock in another estate.

8. A claim for return of the same investment was made on April 1, 2013, purportedly on Hirakawa's behalf, in Antara Bankruptcy Proceeding. That claim seeks the

same amount, however the stated basis for the claim is "Contract buy out." Thus, the current assertion that Debtor is responsible for the alleged debt is knowingly false as evidenced by the claimant having previously filed this claim against another party (*i.e.,* the Party to which they made the alleged investment).

9. Aside from questions concerning the propriety or validity of any such claim, any contract-related claim allegedly arising out of the Antara investments are time barred. Section 13 of the attached Shareholder Agreement provides,

> This Agreement and all issues arising hereunder shall be governed by, construed under, and enforced in accordance with the laws of the State of Delaware without giving effect to the principles of conflict of laws therein.

(*See*, Claim 5-1 at page 10 of 13, §13). The applicable statute of limitations on contract-based claim is three years. *See,* DEL. CODE ANN., TITLE 10, §8106. The Shareholder Agreement indicates an Effective Date of April 2006. Antara ceased its operation and closed its principle place of business by no later than July 1, 2007, and filed for bankruptcy in April 2010. As such, as such, any possible claim in contract has accrued.

### RESERVATION OF RIGHTS

This Objection to claim is filed without prejudice to the Debtor, who hereby reserves his right to (a) objection to the claim of Hirakawa on grounds other than as stated herein, (b) object to any other claims, and/or (c) seek any other relief against Hirakawa.

### WAIVER OF MEMORANDUM OF LAW

Pursuant to Local Rule 9013-1(G), and because there are no novel issues of law presented, Debtor requests that the requirement for a separate memorandum of law be waived.

## **CONCLUSION**

For the reasons set forth herein, the Debtor prays the Court will strike the claim of Hirakawa (Claim 5-1) as invalid for the reasons set forth herein and grant such further relief as the Court deems fit, including an award of all costs and attorney fees.

Respectfully Submitted,

Marc R. Labgold
By Counsel


/S/ Linda D. Regenhardt
Linda D. Regenhardt, Esq.
VA Bar 27455
Counsel to Debtor
100 N. Pitt Street, Suite 206
Alexandria, VA 22314
703-539-0308
703-518-9931 (Facsimile)


CERTIFICATE OF SERVICE

I certify that on this 3RD day of December, 2013, I caused a copy of the forgoing Objection to mailed via first class mail to the following:

Daniel F. S. Lee, Esq.
c/o 926 Maunawili Circle
Kailua, Oahu 96734

Office of the U. S. Trustee
115 S. Union Street
Alexandria, VA 22314


/S/ Linda D. Regenhardt
Linda D. Regenhardt

4